### WELLES ET UX. V. OLCOTT.

ACTION of disseisin. On special pleadings the case was — That John Knowles, by his last will, dated the 30th day of November, 1753, among other things, devised the lands in question to his "daughter Mary Knowles, and the heirs of her body forever." Mary Knowles was married in June, 1762, to Alexander Chalker, and had issue a daughter, Bridget (wife of the plaintiff) born September, 1764. The said Mary having heirs born of her body, did alien the lands on the 6th day of June, 1765, by a deed of bargain and sale, executed by herself and husband; and by several mesne conveyances it came regularly to the defendant.

On demurrer,— It was contended that this was a limited estate, and no more than a life estate in Mary Knowles; therefore she could not alien the fee, but that it descended to Bridget Chalker, the plaintiff's wife.

On the other side it was urged, that this devise created a conditional fee, and that the condition was performed when Mary had married and had heirs of her body; and that the estate then vested in her, as a fee simple: That the English statute of Westminster, 2d, 13th Edward I, entitled the Statute *de donis Conditionalibus*, did never extend to this country, and hath never been adopted here; therefore, such tenures ought not to be construed to be estates tail in this state.

By the COURT. Uniformity of decision is to be preserved. The point in this case hath been twice recently adjudged, in the cases of Allen v. Bunce, and Devey v. Foot; and on

the following principles:  That the intent of the testator was to be pursued, where it did not interfere with the policy of law:  That the intent in the present case obviously was to create an estate tail, and not a conditional fee.  A limitation in tail, so far as related to the first donee in tail, might be for very good reasons; and it does not interfere with the policy of law, like perpetuities, or more than any life estate:  And that the late statute, admitting limitations in tail, as relative to the first donee, might well be considered as in affirmance of the common law.  Judgment was therefore for the plaintiffs.

N. B.— Judge Pitkin excused himself from judging in this case, being related to one of the parties.